PER CURIAM.
This cause is before us on appeal from an order of the Office of Public Assistance Appeal Hearings, Department of Health and Rehabilitative Services (HRS), upholding an earlier HRS decision to terminate appellant’s Aid to Families with Dependent Children (AFDC) benefits.
Appellant Carol Kelly, a college student, was a recipient of AFDC benefits. On December 4, 1991, HRS mailed appellant a request that she provide verification of her interest income by December 11, 1991. This request sought, in pertinent part, “verification of your checking and/or saving account with interest shown on each account.” Appellant called the public assistance specialist (PAS) responsible for her case and informed the PAS that, due to her college schedule, she would be unable to provide this information by December 11, 1991. On December 23, 1991, HRS mailed appellant another request, which required compliance no later than January 6, 1992. This request sought in pertinent part, “a bank statement (account statement) or a receipt with balance and interest.”
On January 6, 1992, appellant called the PAS and stated that she had been unable to obtain a bank statement because of final exams. Appellant testified that she told the PAS that she had available a passbook which showed interest income. The PAS told appellant that she needed to obtain a bank statement. Appellant agreed to try to obtain a statement. According to appellant, the PAS told her, “Okay, get it in as soon as you can.”
When asked whether she remembered having this conversation with appellant, the PAS testified in part:
I think so. I’m not sure. I wouldn’t, I think we did and if I remember correctly, *757 she told me she was going to go by the bank and get me something ... like, I guess, a statement from them or something like that. I’m not sure.
The PAS did not remember telling appellant that HRS would only accept a bank statement because HRS would accept anything from the bank, including a passbook, so long as the passbook indicated the account balance and interest earned. She did not remember appellant telling her about the available passbook. In response to a question as to whether she remembered appellant telling her of having some difficulty obtaining the bank statement, the PAS testified, “Mhmmm.”
HRS sent a final notice to appellant on January 6, 1992. This notice provided in pertinent part: “Your case will be closed on 1-9-92 If the Bank statement isn’t received with interest shown by 4 p.m.”
Appellant went to her bank and requested a statement showing the interest she had earned during 1991. Appellant was informed that because her account had earned less than $10 in interest during the year, the bank would not provide a statement. Appellant was informed, however, that her account had earned $2.08 interest during the year. Appellant provided her PAS with a handwritten note indicating the name of her bank, her account number, a current balance of $40.37, and that her account had earned $2.08 interest during 1991. The note also stated that the bank does not give statements on accounts earning less than $10 in interest per year. Appellant was thereafter notified by HRS that her benefits were being canceled because of her failure to bring in a bank statement showing the interest she had earned during 1991.
Appellant, on January 17, 1992, requested an appeal hearing and attached to this request a copy of her passbook. The passbook indicated that appellant’s account had earned $2.08 interest during 1991. Appellant thereafter returned to her bank and, on January 21, 1992, obtained a note on the bank’s letterhead indicating that her account had earned $2.08 interest during 1991. Appellant provided this statement at the hearing on her appeal.
The order appealed from contains a recitation of the evidence presented by the parties and appears to contain implicit findings that HRS properly requested verifica-tion of appellant’s bank account balances and interest earnings, that HRS on three occasions requested such verification by mail, that appellant received these requests, that appellant was informed that she could have produced documentation (such as her passbook) other than a bank statement, and that because appellant did not provide the verification within the time allowed, HRS correctly canceled her AFDC benefits.
On appeal, this court cannot substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. Heifetz v. Department of Business Regulation, 475 So.2d 1277 (Fla. 1st DCA 1985), § 120.-68(10), Fla.Stat. The court shall, however, set aside agency action if it finds that the action depends on any finding of fact that is not supported by competent, substantial evidence in the record. Here, the validity of HRS’s decision depends on the hearing officer’s implicit finding that appellant was informed that she could provide any kind of documentation of her interest income, as long as the documentation came from the bank. This finding, however, is unsupported by competent, substantial evidence. Appellant testified that she informed her PAS that she had available a passbook and was told by the PAS to provide an account statement. The three written notices provide no clear instruction that HRS was willing to accept any documentation other than a bank statement. Although the PAS did not think she would have insisted on a bank statement, she did not recall the conversation.
Accordingly, the order appealed from is reversed, and this cause is remanded for proceedings consistent herewith.
BOOTH, SMITH and MINER, JJ., concur.