665 So.2d 1082 (1995)
Flor CARRERAS, as parent and natural guardian of Maria Theodora Carreras, and Flor Carreras, Individually, Appellants,
v.
FLORIDA BIRTH-RELATED NEUROLOGICAL INJURY COMPENSATION ASSOCIATION, Appellee.
No. 94-2748.
District Court of Appeal of Florida, Third District.
December 13, 1995.
*1083 Parenti, Falk, Waas & Frazier and Gail Leverett Parenti, Coral Gables, for appellants.
Robert H. Sturgess and Bateman Graham, Tallahassee, for appellee.
Before BASKIN, COPE and GODERICH, JJ.
PER CURIAM.
Flor Carreras appeals both individually and as parent and natural guardian of Maria Theodora Carreras from an order denying a request for reimbursement of certain medical expenses and related travel expenses, pursuant to the Florida Birth-Related Neurological Injury Compensation Plan [NICA]. We reverse.
Maria Theodora sustained birth-related neurological injuries and was accepted by NICA for coverage under its plan. Maria Theodora suffers from cerebral palsy, blindness, and a swallowing disorder known as dysphagia. As a result of this swallowing disorder, Maria Theodora is at risk of aspiration of saliva. Aspiration can lead to life-threatening infections, pneumonia, sepsis, and death. Shortly after she was born, Maria Theodora received treatment from Dr. Alberto Saenz and Moises Melendez, a physical therapist. After approximately four years of treatment, Maria Theodora's swallowing disorder did not improve.
In May 1993, Flor Carreras requested NICA to authorize payment for an additional type of treatment that Dr. Saenz and Mr. Melendez recommended for Maria Theodora's swallowing disorder. NICA denied the request. Nonetheless, Maria Theodora received the treatment.
The issue of whether NICA would be required to reimburse Mrs. Carreras for this treatment was heard before the State of Florida, Division of Administrative Hearings. It was the claimant's position that reimbursement was warranted since the treatment was "medically necessary and reasonable." § 766.31(1)(a), Fla. Stat. (1993).
At the hearing, Dr. Saenz testified that he recommended the treatment, and that shortly after starting the treatment, Maria Theodora began to show improvement. For example, she was now able to swallow small amounts of water and small pieces of soft fruit and ice. More importantly, she began to show evidence of less aspiration.
Mr. Melendez also testified that he recommended the treatment. He further explained that Maria Theodora started to show improvement after only one month of treatment. He also testified that the treatment was beneficial to Maria Theodora and that it was reasonable for her to receive the treatment.
In contrast, NICA's expert, Dr. Duchowny, testified that he examined Maria Theodora after she received the treatment and found that she had shown "absolutely no progress whatsoever." He also opined that the treatment *1084 was not medically necessary and reasonable.
At the conclusion of the testimony, the hearing officer found that Maria Theodora had made improvement from the time that she started the treatment. Oddly enough, however, the hearing officer found that the improvement that Maria Theodora experienced was not as a result of the treatment. The hearing officer concluded that the treatment was not "medically necessary and reasonable," and therefore, denied the claimant's request for reimbursement. This appeal follows.
The claimant contends that the hearing officer erred in concluding that, pursuant to Section 766.31(1)(a), Florida Statutes (1993), the treatment was not "medically necessary and reasonable." We agree.
Section 120.68(10), Florida Statutes (1993), provides that an appellate court
shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. The court shall, however, set aside agency action ... if it finds that the agency's action depends on any finding of fact that is not supported by competent substantial evidence in the record.
§ 120.68(10), Fla. Stat. (1993); see also, Kelly v. Department of Health & Rehabilitative Servs., 617 So.2d 756 (Fla. 1st DCA 1993).
In the instant case, the hearing officer's finding that Maria Theodora experienced improvement from the time she started the treatment is supported by substantial competent evidence. § 120.68(10), Fla. Stat. (1993). Both Dr. Saenz and Mr. Melendez testified that Maria Theodora's swallowing capabilities have improved from the time that she began the treatment. However, the hearing officer's finding that the improvement did not result from the treatment is not supported by competent substantial evidence. Because Dr. Duchowny opined that Maria Theodora made "absolutely no progress whatsoever," he offered no evidence as to what could have caused her sudden improvement. Therefore, the only testimony offered as to this issue came from Dr. Saenz and Mr. Melendez who both opined that Maria Theodora's improvement resulted from the treatment that she received.
Under the circumstances, we believe that the validity of the hearing officer's conclusion that the treatment that Maria Theodora received was not "medically necessary and reasonable" depends on his finding that Maria Theodora's improvement did not result from the treatment that she received. Because the evidence demonstrates that Maria Theodora's improvement did result from the treatment, we reverse the order under appeal, and remand for entry of an order granting the claimant's request for reimbursement, including the doctor's fee, which is reasonable.
Reversed and remanded.