674 So.2d 765 (1996)
UNIVERSITY OF MIAMI, d/b/a University of Miami School of Medicine, and The Public Health Trust d/b/a Jackson Memorial Hospital, Appellants
v.
Karina ZEPEDA, a minor, By and Through her parents and as natural guardians, Luis and Dora ZEPEDA, and Florida Birth-Related Neurological Injury Compensation Association, Appellees.
Nos. 95-1679, 95-1615.
District Court of Appeal of Florida, Third District.
April 17, 1996.
Rehearing Denied June 19, 1996.
Fowler, White, Burnett, Hurley, Banick, & Strickroot and Steven E. Stark, Miami, for appellant, University of Miami.
Robert A. Ginsburg, Dade County Attorney and Stephen J. Keating, Assistant County Attorney, for appellant, Public Health Trust.
Deutsch & Blumberg and James C. Blecke and John B. Ostrow, Miami, for appellees, Karina Zepeda and Luis and Dora Zepeda.
*766 Pennington, Culpepper, Moore, Wilkinson, Dunbar & Dunlap and Bruce Culpepper and William E. Whitney, Tallahassee, for appellee, Neurological Injury Compensation Association.
Before JORGENSON, LEVY and GREEN, JJ.
PER CURIAM.
Appellants appeal a final order of the Division of Administrative Hearings which determined that a birth-related injury sustained by appellee Karina Zepeda was not compensable under Florida's Birth-Related Neurological Injury Compensation Plan [NICA], see sections 766.301-.316, Florida Statutes (1991).[1] The hearing officer basically concluded, after reviewing conflicting medical opinions, that Karina did not sustain a permanent and substantial mental and physical impairment so as to subject her to the limitations proscribed in the act. We must affirm where as here our review of the record reflects that there was substantial competent evidence to support the hearing officer's determination on this issue and discloses neither an abuse of discretion nor a violation of law by the agency.[2] § 120.68(10), Fla.Stat. (1991); Carreras v. Florida Birth-Related Neurological Injury Compensation Ass'n, 665 So.2d 1082 (Fla. 3d DCA 1995); Gershanik v. Department of Professional Regulation, Bd. of Medical Examiners, 458 So.2d 302 (Fla. 3d DCA 1984), rev. denied, 462 So.2d 1106 (Fla.1985); Cohen v. School Bd. of Dade County, Fla., 450 So.2d 1238 (Fla. 3d DCA 1984).
Affirmed.
NOTES
[1] As a result of this finding, appellees were not barred from proceeding with their medical malpractice action against appellants in the Dade Circuit Court. § 766.306, Fla.Stat. (1991).
[2] We hasten to point out that because it has been determined in this administrative proceeding that the minor child is not "permanently and substantially mentally and physically impaired," this issue may not be relitigated in the pending medical malpractice action between these parties. "Where an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it, as to which the parties have had an adequate opportunity to litigate, the court will apply res judicata or collateral estoppel to enforce repose." United States Fidelity and Guar. Co. v. Odoms, 444 So.2d 78, 80 (Fla. 5th DCA 1984) (citing Jet Air Freight v. Jet Air Freight Delivery, Inc., 264 So.2d 35 (Fla.3d DCA), cert. denied, 267 So.2d 833 (Fla.1972)).