678 So.2d 476 (1996)
Richard McNEILL, Appellant,
v.
PINELLAS COUNTY SCHOOL BOARD, Appellee.
No. 95-04333.
District Court of Appeal of Florida, Second District.
August 16, 1996.
*477 Mark Herdman of Herdman & Sakellarides, P.A., Palm Harbor, for Appellant.
Keith B. Martin, Largo, for Appellee.
QUINCE, Judge.
Richard McNeill appeals a final order entered by the Pinellas County School Board (the School Board) terminating his employment contract for immoral conduct proscribed by Florida Administrative Code Rule 6B-4.009(2). We have jurisdiction pursuant to section 120.68(2), Florida Statutes (1995). We reverse because there is substantial competent evidence in the record to support the hearing officer's findings that McNeill's conduct did not impair his effectiveness in the community or the school system.
McNeill was suspended following his arrest for criminal battery when he allegedly touched an undercover law enforcement officer in a sexually suggestive manner.[1] Following his suspension, an administrative hearing was held pursuant to section 120.57(1), Florida Statutes (1995), to determine whether his conduct formed sufficient grounds for dismissal. Hearing Officer Arnold Pollock (Pollock) made the necessary findings of fact and recommended that McNeill be reinstated without back pay and benefits lost during his suspension. Subsequently, the School Board declared McNeill guilty of immoral conduct, rejected Pollock's recommended penalty and terminated McNeill's employment contract. On appeal, McNeill alleges the School Board erred by rejecting Pollock's recommended penalty because the evidence was insufficient to prove an essential element of the offense, that is, that McNeill's conduct impaired his effectiveness within the community.
The School Board bears the burden of proving, by a preponderance of the evidence, each element of the charged offense which may warrant dismissal. Dileo v. School Bd. of Dade County, 569 So.2d 883 (Fla. 3d DCA 1990). Florida Administrative Code Rule 6B-4.009(2) (1995) provides:
Immorality is defined as conduct that is inconsistent with the standards of public conscience and good morals. It is conduct sufficiently notorious to bring the [teacher] concerned or the education profession into public disgrace or disrespect and impair the individual's service in the community.

(emphasis added). Thus, in order to dismiss a teacher for immoral conduct the factfinder must conclude: a) that the teacher engaged in conduct inconsistent with the standards of public conscience and good morals, and b) that the conduct was sufficiently notorious so as to disgrace the teaching profession and impair the teacher's service in the community. See McKinney v. Castor, 667 So.2d 387 (Fla. 1st DCA 1995) (hearing officer found that principal's acts of soliciting prescription drugs from employees on two separate occasions constituted gross immoral conduct warranting dismissal, district court reversed finding proof of impaired effectiveness insufficient); Sherburne v. School Bd. of Suwannee County, 455 So.2d 1057 (Fla. 1st DCA 1984). We find that the School Board failed to meet its burden of proof with respect to *478 impaired effectiveness, the second element of the offense.
Pollock found that McNeill did in fact touch the undercover officer in a sexually suggestive manner, and therefore found the evidence sufficient to prove the first element of the offense; however, his analysis did not stop there. While Pollock concluded that McNeill's conduct "reasonably fall[s] within the definition of immorality," he also noted a lack of evidence in support of impaired effectiveness. Rather than hostility and condemnation from community members, Pollock noted an "outpouring of affection and support... from past and present students, their parents, [McNeill's] coworkers, friends and associates... who lauded his performance as a parent, citizen and teacher." Twenty-five students, parents, friends, coworkers, and former supervisors testified in support of McNeill. Another twenty-five citizens submitted letters on his behalf, all expressing their belief that he can continue to effectively perform his duties.
As for evidence in support of McNeill's dismissal, Pollock noted that testimony offered by school officials to establish impaired effectiveness was unsupported by "specific information from students, parents, or coworkers...." Two citizens testified as to why McNeill should be dismissed; however, both were unable to provide specific information regarding the actual impact of McNeill's conduct on Pinellas County students.
Ultimately, Pollock found the School Board's evidence insufficient to prove that McNeill's actions had any significant impact on the school or the school's reputation. Moreover, Pollock's emphasis on support from McNeill's students, colleagues and community is consistent with a finding of unimpaired effectiveness.
The School Board argues that Pollock's statement that "McNeill's conduct can and does reasonably fall within the definition of immorality" was an affirmative finding of immoral conduct without proof of impaired effectiveness. While we recognize that this abbreviated analysis of the offense has been applied by the Fifth District Court of Appeal in Summers v. School Bd. of Marion County, 666 So.2d 175 (Fla. 5th DCA 1995), we adopt the two part analysis set forth above. The administrative code's definition of immorality calls for this approach and we believe it will give full effect to the intent and purpose of Rule 6B-4.009(2), to protect the educational interests of students, parents and the public while promoting high moral standards among education professionals and assuring professional accountability. See Fla.Admin.Code R. 6B-1.001 and 6B-1.006 (1995). Having applied this analysis to facts of this case, we find the evidence insufficient to prove guilt.
Administrative hearing officers have the discretion to assess witness credibility. Roberts v. Castor, 629 So.2d 311 (Fla. 1st DCA 1993). Pollock's recommended order indicates McNeill's effectiveness as a teacher in Pinellas County Schools has not been diminished. This finding is supported by competent substantial evidence. Where competent substantial evidence exists in support of a hearing officer's findings of fact, a School Board may not reject or modify the officer's findings unless it determines that the administrative hearing did not comply with essential requirements of law. § 120.57(1)(b)(10), Fla.Stat. (1995). See also Goss v. District School Bd. of St. Johns County, 601 So.2d 1232 (Fla. 5th DCA 1992). The School Board's final order does not allege an absence of competent evidence in support of Pollock's findings, nor does it allege that the hearing failed to comport with essential requirements of law. Nevertheless, the School Board's final order declares McNeill guilty of immorality, essentially rejecting Pollock's findings.
When School Board action, such as McNeill's dismissal, depends on findings of fact unsupported by competent substantial evidence the appellate court may set the action aside. § 120.68(10), Fla.Stat. (1995). Accordingly, we set aside the School Board's final order of dismissal and remand the case for McNeill's reinstatement.
PARKER, A.C.J., and LAZZARA, J., concur.
NOTES
[1] McNeill was acquitted at trial because the jury found the touching was consensual.