687 So.2d 7 (1996)
METROPOLITAN DADE COUNTY, Appellant,
v.
Howard S. GOLDBERG, Appellee.
No. 96-1842.
District Court of Appeal of Florida, Third District.
November 13, 1996.
As Amended on Denial of Rehearing, and Rehearing February 5, 1997.
Rehearing Denied March 5, 1997.
Robert A. Ginsburg, Dade County Attorney and Thomas H. Robertson, Assistant County Attorney, Miami, for appellant.
Howard S. Goldberg, in pro. per.
Before COPE, LEVY and SHEVIN, JJ.
As Amended on Denial of Rehearing, and Rehearing En Banc February 5, 1997.
*8 PER CURIAM.
Metropolitan Dade County appeals, and Howard S. Goldberg cross-appeals, a permanent injunction and an order granting related relief. The principal question presented is how to interpret subsection 33-199(4) of the Dade County Code, which is a zoning restriction that limits the permissible business activities in single family residential districts. We conclude that the permanent injunction exceeds the latitude permitted by the Code, and reverse the injunction order.
Appellee Goldberg and his parents own a home in a single family residential district. Goldberg is a licensed exterminator. He travels to his customers' property to perform his exterminating services. As permitted by the Code, Goldberg has his business telephone at his residence.
The County issued citations to Goldberg because he kept at his residence three vehicles he used in his business: a light pickup, a van, and a Ford Bronco. Goldberg requested a hearing and was found guilty of violating the zoning code. He appealed to the appellate division of the circuit court, but the appeals were dismissed for failure to pay the required filing fees.
Goldberg then brought a pro se lawsuit against the County, challenging the constitutionality of the zoning ordinance and the three citations which had been issued against him. The County counterclaimed for an injunction to enforce the zoning code, and requested civil penalties, administrative costs, and attorney's fees. Goldberg's lawsuit was dismissed for failure to pay the required filing fees, but the counterclaim was left pending.
Goldberg refiled his lawsuit and paid the filing fees. The refiled action was consolidated with the County's pending claim for an injunction.
At the final hearing the trial court ruled against Goldberg on his claim of unconstitutionality. The court denied relief with regard to the three citations because the earlier administrative adjudication was res judicata.
The trial court granted the County's request for injunctive relief. However, the injunction contains terms which were opposed by the County. The injunction allows Goldberg to keep the three vehicles at his residence, provided that they are stored only in the backyard and that they are draped and covered. The court also ruled that the County was entitled to penalties, administrative costs, and attorney's fees, and reserved jurisdiction to set the amount.
The County has appealed, contending that it was entitled to greater injunctive relief than that granted by the court. Goldberg has cross-appealed.
The Dade County Code's restrictions on business activity in a single family residential district include the following:

ARTICLE XIV. RU-1, SINGLE-FAMILY

RESIDENTIAL DISTRICT
Sec. 33-199. UsesPermitted.
No land, ... and/or structure shall be used ... for any purpose other than the following, unless otherwise specifically provided herein:
(1) Every use as a one-family residence, including every customary use not inconsistent therewith, including a private garage.
. . . .
(4) Business telephone will be permitted in a residence provided no truck, heavy equipment, or similar vehicle is kept on the property and no storage or any other business activity is carried on.
(Emphasis added; footnote omitted).
There are two phrases in subsection 33-199(4) which must be considered. First, the ordinance allows a business telephone "provided no truck, heavy equipment, or similar vehicle is kept on the property...." The County concedes, and we agree, that "truck, heavy equipment, or similar vehicle" refers to heavy vehicles like dump trucks, tractors, backhoes, and similar equipment. This particular prohibition does not apply to light vehicles like Goldberg's pickup, van or Ford Bronco. Many homeowners commute to or from work in such light vehicles. It would *9 be anomalous to allow homeowners to use a light pickup or van to commute to or from work, but prohibit a homeowner from having such a vehicle if the homeowner also has a business telephone. We agree with the County that this particular proscription in subsection 33-199(4) is intended to preserve the aesthetics of single family neighborhoods and is intended to prohibit heavy trucks and equipment which would be out of place there.
The County relies, however, on the next phrase in subsection 33-199(4), which allows a business telephone "provided ... no storage or any other business activity is carried on." The County argues that by maintaining three commercial vehicles at his residence, Goldberg is violating the prohibition on "storage." We agree. Plainly Goldberg can operate only one of his three vehicles at a time. The injunction allows Goldberg to maintain all three commercial vehicles at his residence "provided that [they] are stored only in the backyard and that they be draped and covered at anytime that they are in the backyard." (Emphasis added). The injunction itself acknowledges that Goldberg would be storing the vehicles when he was not using them. Storage is prohibited by the ordinance.
We therefore conclude that the injunction must be reversed insofar as it allows Goldberg to maintain all three vehicles at his residence. However, Goldberg is allowed to drive one commercial vehicle to and from his residence. Furthermore, there is no requirement that the single vehicle be kept in the backyard, or draped and covered.
At oral argument Goldberg informed us that after the trial court hearing, he sold two of the commercial vehicles, and now owns only a pickup. The controversy is not moot, however, because as it presently stands, the injunction in theory would allow Goldberg to buy two additional vehicles in the future and keep them at the residence. That being so, we must reverse the injunction order.
On the cross-appeal, we affirm the summary judgment entered against Goldberg on his complaint. We see no constitutional infirmity in the ordinance. Likewise, Goldberg is not entitled to have the three citations set aside. There already was an administrative hearing on the citations, at which the hearing officer found against Goldberg. Goldberg's appeal was dismissed and the administrative adjudication has now become final. We agree with the trial court's ruling that a further challenge to the citations is barred under the doctrine of res judicata. See University of Miami v. Zepeda, 674 So.2d 765, 766 (Fla. 3d DCA 1996).
Goldberg also challenges the trial court's non-final order finding that the County is entitled to civil penalties, attorney's fees, and administrative costs. The County relies on section 33-39.1 of the Dade County Code. As pled, it appears that the County is requesting penalties, administrative costs, and attorney's fees for violations which were heard by the administrative hearing officer on October 18, 1994. However, the hearing officer assessed civil penalties and administrative costs in connection with each of the three citations adjudicated on that date. The County would not be entitled to additional penalties or administrative costs, or attorney's fees, with regard to the matters already administratively adjudicated. The County, as well as Goldberg, is bound by the doctrine of administrative res judicata. See University of Miami v. Zepeda, 674 So.2d at 766. Consequently, there must be further proceedings to determine to what extent the County may be entitled to penalties, administrative costs, or attorney's fees based on any matters which were not already adjudicated in the administrative hearing.
In other words, the hearing officer found Goldberg guilty of three civil violations existing as of the violation date, March 28, 1994. The hearing officer assessed penalties and administrative costs for those violations. The hearing officer also set a compliance deadline of November 3, 1994. Thereafter the County filed its enforcement action, alleging that the violations were continuing at Goldberg's property. See, Dade County Code § 33-39.1.
In its enforcement action the County is of course free to seek additional penalties, administrative costs and attorney's fees to the extent that any violations persisted beyond the November 3, 1994 compliance date set by the hearing officer. The County could not, *10 however, seek additional penalties, administrative costs and attorney's fees for violations existing on March 28, 1994, since the hearing officer already entered an adjudication for that violation date. COPE, LEVY and SHEVIN, JJ., concur. Metropolitan Dade County's motion for rehearing en banc is denied.
Affirmed in part, reversed in part, dismissed in part, and remanded for further proceedings consistent herewith.