DAUKSCH, Judge,
dissenting.
I respectfully dissent.
It is well established that an appellate court is prohibited from substituting its judgment for that of an administrative agency in assessing the weight of the evidence or resolving disputed factual issues. § 120.68(10), Fla. Stat. (1993). See McKinney v. Castor, 667 So.2d 387 (Fla. 1st DCA 1995); Carreras v. Florida Birth-Related Neurological Injury Compensation Ass’n, 665 So.2d 1082 (Fla. 3d DCA 1995); Rosmond v. Unemployment Appeals Com’n, 651 So.2d 233 (Fla. 5th DCA 1995). The relevant inquiry on appeal is whether the agency’s findings are supported by competent substantial evidence. Legal Environmental Assistance Foundation, Inc. v. Clark, 668 So.2d 982 (Fla.1996); Department of Health & Rehabilitative Servs. v. A.S., 648 So.2d 128 (Fla.1995); Waterman v. State, 654 So.2d 150, n. 2 (Fla. 1st DCA 1995). See also University of Miami v. Zepeda by and Through Zepeda, 674 So.2d 765 (Fla. 3d DCA 1996) (appellate court bound to affirm where record contains competent substantial evidence to support hearing officer’s determination and discloses neither an abuse of discretion nor a violation of law by the agency); Kelle v. D.H. Holmes Co., Ltd., 658 So.2d 1161 (Fla. 2d DCA 1995) (same); Rosmond (same). Moreover, an agency’s order is entitled to a presumption of correctness. See Clark, 668 So.2d at 987; Kelle, 658 So.2d at 1162. In this case, both the Florida Protective Services System and the hearing officer made a finding that A.O. was guilty of neglect. Their factual determinations are supported by competent substantial evidence.
The majority’s reliance on KM.T. v. Dep’t of Health & Rehabilitative Servs., 608 So. 2d 865 (Fla. 1st DCA 1992) to define the meaning of neglect, as set forth in section 415.102(12), Florida Statutes (1993), is mis *1362 placed. That statute provides in relevant part:
(20) “Neglect” means the failure or omission on the part of the caregiver or disabled adult or elderly person to provide the care and services[1] necessary to maintain the physical ... health of an aged person or disabled adult, including, but not limited to ... supervision ... that a prudent person would deem essential for the well-being of an aged person or disabled adult. “Neglect” is repeated conduct or a single incident of carelessness which produces or could reasonably be expected to result in serious physical or mental harm or a substantial risk of death, [emphasis supplied].
The italicized portion of the above statute became effective upon the enactment of section 415.102(13) (1990 Supp.). The court’s decision in K.M.T. was based on an interpretation of section 415.102(13), Florida Statutes (1989) which did not contain that language. Although the majority focuses only on the latter portion of the statute, the statute, when read as a whole, clearly encompasses the conduct which occurred in this ease. Specifically, it defines neglect as the caregiver’s failure to provide the supervision necessary to maintain the physical health of an aged person or disabled adult. Additionally, the required supervision is that which “a prudent person would deem essential for the well-being of an aged person or disabled adult.” Black’s Law Dictionary defines prudent as “[p]ractically wise, judicious, careful, discreet, circumspect, sensible.... In defining negligence, practically synonymous with cautious.” BLACK’S LAW DICTIONARY 1104 (6th ed. 1990). ■ Thus, the caregiver is required to act sensibly and cautiously when supervising an aged person or disabled adult.
The italicized portion of the statute mandates that a single incident of carelessness, including the caregiver’s failure to sensibly and cautiously supervise the aged person or disabled adult, which produces or could reasonably be expected to result in serious physical injury, as in this case, is evidence of neglect. The legislature’s addition of the italicized language to the definition of neglect is consistent with its express intent to “protect the [elderly and disabled] individual from abuse, neglect, and exploitation.” § 415.101(2), Fla. Stat. (1993). By adding this language to the statute, it is now possible to remove a person in the role of a caregiver based on a single incident of carelessness rather than waiting for serious misfortune to befall the aged person or disabled adult after a pattern of abuse, neglect and exploitation. Thus, while the trial court in K.M.T. expressed its concern that a finding of neglect on the part of K.M.T. would “result in K.M.T. being barred from all employment positions of special trust and, in essence, blacklisted from her profession ...,” K.M.T., 608 So.2d at 872, the widespread awareness of the potential for abuse, neglect and exploitation of the elderly and the disabled in our society, as evidenced by the legislature’s attempt to remedy the problem, has given rise to an equally compelling concern for those individuals. The majority’s reversal of the finding of neglect by both the Florida Protective Services System and the Department of Rehabilitative Services because the latter agency “failed to show that leaving the patient unattended was either contrary to generally accepted nursing care standards, or a violation of an HRS promulgated rule” imposes an additional requirement not mandated by the plain language of the statute. To the contrary, the hearing officer’s factual findings that “[a] reasonably prudent caregiver would recognize that ... a person, while sitting in a shower chair unattended, was exposed to potentially-serious injury” and that “the potential for injury from falling, even from a short distance from the chair to the floor, could reasonably be expected to result in serious physical harm,” is based on competent substantial evidence of neglect, as statutorily defined.
This is clearly a case of an appellate court simply disagreeing with the decision of an administrative body. That, under the law, is an insufficient reason for the countermanding decision.
*1363 The legislature has given the authority to the department, so this court should not arbitrarily take it away.

. Section 415.102(20), Florida Statutes (1995) reads "to provide the care, supervision, and services necessary ...”