752 So.2d 127 (2000)
Daniel R. WALKER, Appellant,
v.
HIGHLANDS COUNTY SCHOOL BOARD, Appellee.
No. 2D99-1845.
District Court of Appeal of Florida, Second District.
March 8, 2000.
Mark Herdman of Herdman & Sakellarides, P.A., Palm Harbor, for Appellant.
James F. McCollum and Alan D. Williams of Law Office of James F. McCollum, P.A., Sebring, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, a school teacher, challenges the final order of the Highlands County School Board discharging him from his duties. The school board found that appellant's misconduct was so severe that it impaired his effectiveness in the school system. We agree and affirm.
Appellant had been employed by the school board as a noncertified/expert in the *128 field under a contract that provided that he could not be dismissed during the term of the contract except for just cause, as defined in section 231.36, Florida Statutes (1997). During the term, appellant was terminated for the following reasons as set forth in a letter from the Superintendent of Schools:
Violation of school board policy 2.16, failure to comply with the Code of Ethics of the Education Profession of Florida, specifically, misconduct in office;
Misconduct in office in your failure to comply with and enforce the policies of the school and rules of the district school board, specifically the Highlands School Board Code of Student Conduct.
Appellant's dismissal was the result of an incident which occurred in appellant's classroom on December 4, 1998. The incident began with a dispute about the alleged theft of a compact disc. Appellant allowed one of the students involved in the theft to go to the main office to complain about the incident and request assistance. At about the same time, appellant noticed that another student in the classroom was extremely intoxicated. Appellant sent his intern to the office to alert administrators of this fact. This combination of events led the remaining students in the classroom to conclude that their personal belongings would be searched.
In response to the resulting commotion in the classroom, appellant made what he referred to as a stupid, but joking, remark. He told the students: "Okay, you all are ready to get caught for something, you know, I'll take cigarettes, lighters for five bucks, cigarettes for ten bucks; drugs, you know, I'm going to send to the office." A student asked appellant if he was serious, and appellant replied: "Of course not."
The evidence presented demonstrated that appellant's class, consisting of twenty-six students, was out of control. Two students were away from the class to report a theft. Two others were out of the class being searched for stolen property. One student was so intoxicated that it required two adult staff members to carry him from the classroom. Two other students were attempting to hide contraband in the darkroom. One student hid a look alike drug in the trash can, and another student testified that everyone in the class was going to the bathroom. No lesson was presented. Students remembered appellant joking about the school board's code of student conduct. The one thing that the students remembered was that appellant was willing to hold contraband for them. Appellant admitted joking with the students about holding items for them.
Appellant argues that under McNeill v. Pinellas County School Board, 678 So.2d 476 (Fla. 2d DCA 1996), the superintendent was required to present proof not only of appellant's misconduct in office, but was also required to present proof of appellant's resulting ineffectiveness in the school system. He maintains that although the record contains proof of his misconduct in office, there is no evidence that the misconduct was so serious as to impair his effectiveness in the system. We conclude that under the circumstances presented here, appellant's ineffectiveness in the school system may be inferred.
This case must be distinguished from McNeill, where the teacher's misconduct was of a private immoral nature. In such a case, the teacher's ineffectiveness cannot be inferred due to the private nature of the misconduct. By contrast, the misconduct here occurred in the classroom. The very existence of the described chaos in appellant's classroom speaks for itself. Appellant's misconduct, which consisted of his unwillingness to follow established school board policy, led to a loss of control in the classroom, which, by its very nature, demonstrates his ineffectiveness in the school system. In such a case, independent evidence of the teacher's ineffectiveness would be superfluous.
We note that, unlike the instant case where appellant's ineffectiveness in the school system was patent and obvious, the *129 hearing officer in McNeill was presented with ample proof that McNeill continued to be effective within the school system. Numerous students, parents and coworkers testified to McNeill's continued effectiveness.
We conclude then that it is not only clear from the record, it is manifest from the record that appellant's misconduct impaired his effectiveness in the school system. See Summers v. School Board of Marion County, 666 So.2d 175 (Fla. 5th DCA 1995). Accordingly, it was not an abuse of discretion to terminate appellant on the basis of his misconduct in office.
Affirmed.
NORTHCUTT and GREEN, JJ., Concur.