KELLUM, Judge.
The appellant, Corion Lashawn Moore, appeals from the circuit court’s revocation of his probation. The record indicates that on or about May 2, 2008, Moore pleaded guilty to unlawful possession of marijuana in the second degree. The circuit court sentenced Moore to 365 days in the county jail; however, that sentence was suspended, and Moore was placed on two years’ supervised probation.
On June 23, 2009, the State filed a motion seeking to revoke Moore’s probation based on new criminal charges of unlawful possession of a controlled substance, unlawful possession of marijuana in the first degree, and carrying a concealed weapon. On December 15, 2009, the circuit court conducted a brief hearing at which Moore, defense counsel, and the State were present. At the conclusion of that hearing, the circuit court entered an order revoking Moore’s probation. This appeal followed.
On appeal, Moore contends (1) that the circuit court erroneously revoked his probation without first conducting a revocation hearing, and (2) that the circuit court’s order revoking his probation is deficient because it did not adequately set forth the specific evidence relied on or the specific reasons for revoking his probation as required by Rule 27.6(f), Ala. R.Crim. P.
“‘The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Crim.App.1992). This Court “has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation ..., and (2) the requirement that a revocation hearing actually be held.” Puckett, 680 So.2d at 983.’ ”
Bauer v. State, 891 So.2d 1004, 1006 (Ala.Crim.App.2004) (quoting Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App.1998)). This court has also recognized a third exception a defendant can raise for the first time on appeal—the requirement that the court advise the defendant of his or her right to request an attorney to represent the defendant during probation-revocation proceedings. See Law v. State, 778 So.2d 249, 250 (Ala.Crim.App.2000).
Moore challenges the sufficiency of the probation-revocation hearing and the adequacy of the circuit court’s probation-revocation order for the first time on appeal. However, the issues fall within one of the three exceptions to the general preservation requirement; they are, therefore, properly before this court for review.
Regarding his contention that the circuit court failed to conduct a probation-revocation hearing, Moore specifically argues that the hearing conducted on December 15, 2009, at which no testimony or evidence was presented, was not sufficient to constitute a probation-revocation hearing as required by § 15-22-24, Ala.Code 1975, and that the circuit court failed to comply with the requirements of Rule 27.6, Ala. R.Crim. P.
In Hollins v. State, 737 So.2d 1056, 1057 (Ala.Crim.App.1998), this court held:
“Section 15-22-54, Ala.Code 1975, requires a hearing as a prerequisite to the revocation of probation. This statutory requirement is mandatory and jurisdictional. Story v. State, 572 So.2d 510 (Ala.Cr.App.1990). Additionally, the appellant was denied his constitutional right to due process by the revocation of *444 his probation without a hearing. The minimal due process to be accorded a probationer before his probation can be revoked includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, a neutral and detached hearing body such as a traditional parole board, and a written statement by the factfin-der as to the evidence relied on and the reasons for revoking probation. Rule 27.5 and 27.6, Ala. R.Crim. P. See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); Hernandez v. State, 678 So.2d 477 (Ala.Cr.App.1995).”
In support of his contention on appeal, Moore relies on this court’s holding in D.L.B. v. State, 941 So.2d 324 (Ala.Crim.App.2006). In D.L.B., the defendant, D.L.B., while on probation, was arrested on new charges of the possession and distribution of unlawful drugs. The circuit court scheduled a probation-revocation hearing on two separate occasions; however, on both occasions the hearing was continued. On the third scheduled hearing date, the circuit court conducted a brief hearing at which it heard arguments from both defense counsel and the prosecutor. No testimony was taken at the hearing. At the conclusion of the hearing, the circuit court revoked D.L.B.’s probation, noting “that it was revoking D.L.B.’s probation based on the State’s representation.” D.L.B., 941 So.2d at 325.
D.L.B. appealed the revocation of his probation, arguing that the circuit court erroneously revoked his probation without first conducting a probation-revocation hearing and that the hearing conducted by the court was insufficient to comply the requirements of § 15-22-54, Ala.Code 1975. 941 So.2d at 326. This court agreed and reversed the judgment of the circuit court, holding:
“Although the July 13, 2005, hearing purported to be a probation-revocation hearing, the court announced that it was revoking D.L.B.’s probation without hearing testimony from any State’s witnesses and without allowing D.L.B. an opportunity to be heard. Because the circuit court revoked D.L.B.’s probation based on the representations of the prosecutor, rather than on evidence presented to the court in the form of witness testimony or other legal evidence, D.L.B. was denied the right to a hearing where he could be heard and present witnesses and documentary evidence and where he could confront and cross-examine adverse witnesses.”
D.L.B., 941 So.2d at 326.
In the instant case, as in D.L.B., the circuit court revoked Moore’s probation without hearing testimony from any State’s witnesses and without allowing Moore an opportunity to be heard. The record establishes that the circuit court relied on the representations of the prosecutor, as well as the court’s own recollection of evidence presented at an earlier hearing involving Moore’s codefendant, in deciding to revoke Moore’s probation. The circuit court did not consider evidence in the form of witness testimony or other legal evidence before revoking Moore’s probation. Therefore, we must conclude that Moore was denied his right to a probation-revocation hearing. Accordingly, we reverse the circuit court’s revocation of Moore’s probation and remand this case for the circuit court to conduct a probation-revocation hearing in accordance with § 15-22-54, Ala.Code 1975, and Rule 27.6, Ala. R.Crim. P.
Because we are reversing the circuit court’s revocation of Moore’s probation on *445 the basis that the court failed to conduct a probation-revocation hearing in compliance with Rule 27.6, we need not address Moore’s second contention pertaining to the adequacy of the circuit court’s order revoking Moore’s probation. However, we remind the circuit court that Rule 27.6(f), Ala. R.Crim. P., provides that, when revoking probation, “[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.”
REVERSED AND REMANDED.
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.