629 So.2d 311 (1993)
Samuel Lee ROBERTS, Appellant,
v.
Betty CASTOR, as Commissioner of Education, Appellee.
Samuel Lee ROBERTS, Appellant,
v.
NASSAU COUNTY SCHOOL BOARD, Appellee.
Nos. 92-3469, 92-2555.
District Court of Appeal of Florida, First District.
December 28, 1993.
G. Everett Burghardt Williams, I, Jacksonville, for appellant.
Robert J. Boyd, of Bond & Boyd, of Dept. of Educ., Tallahassee, for appellee, in case no. 92-3469.
Daniel Bosanko, Asst. Atty. Gen., Tallahassee, legal advisor for Education Practices Com'n.
Brian T. Hayes, Monticello, for appellee, in case no. 92-2555.
PER CURIAM.
The appellant, Samuel Lee Roberts, appeals an order of the Education Practices Commission suspending his teaching certificate and an order of the Nassau County School Board dismissing him from his position as a teacher. We affirm.
*312 The Education Practices Commission (EPC) filed an administrative complaint which alleged the appellant had engaged in inappropriate and unprofessional conduct toward students in his class by making sexually suggestive comments and innuendoes, inappropriately touching male and female students, and using profanity. The complaint also alleged that the appellant falsely reported to school administrators and police officers that he was being harassed by unknown individuals, when in fact he knew which students had given him various items such as a rope noose, a wooden tombstone, and a miniature coffin.[1] The School Board of Nassau County filed a statement of charges against the appellant which alleged inappropriate touching of male and female students, inappropriate sexual comments and innuendoes directed towards students, and use of profanity.[2]
The appellant requested a formal hearing and the parties agreed to a consolidated hearing. With regard to the administrative complaint of the EPC, the hearing officer did not find that the appellant made statements to school administrators and police officers which were false. The hearing officer also concluded that some of the factual allegations regarding inappropriate comments, innuendoes or touching had not been proven. The hearing officer found the appellant was guilty, however, of gross immorality or an act involving moral turpitude based on the factual allegations which the EPC proved, in violation of sections 231.28(1)(c) and (1)(h), Florida Statutes. The hearing officer recommended that the appellant's teaching certificate be suspended for three years.
With regard to the statement of charges filed by the school board, the hearing officer again found that some of the allegations regarding comments made to students or conduct towards students had not been proven, but did find that the appellant made some sexual comments and innuendoes as alleged. The hearing officer concluded that misconduct in office had been established because the appellant acted contrary to Rule 6B-1.001 and Rule 6B-1.006 in a manner that was so serious as to impair his effectiveness in the school system. The hearing officer recommended that the appellant be dismissed from his employment as a continuing contract teacher.
The EPC rejected one of the hearing officer's findings of fact, adopted the remaining findings of fact and the conclusions of law, and reduced the penalty to a one-year suspension of the teaching certificate to be followed by three years' probation. The school board approved and adopted the hearing officer's findings of fact and conclusions of law, determined the appellant was guilty of misconduct in office, and dismissed him from employment.
The appellant argues on appeal that there was no competent, substantial evidence to support the final order of the EPC suspending his teaching certificate because he rebutted every allegation by demonstrating the context in which the allegedly improper statements were made. He also argues that the students who testified against him were not credible witnesses. The appellant essentially argues that the hearing officer and the EPC erred in finding he engaged in misconduct because he gave non-sexual explanations of the various comments and actions attributed to him.
*313 Although the conduct on the part of some of the students who testified against the appellant was egregious, the students testified at the hearing and the hearing officer was able to observe the demeanor of both the students and the appellant. The recommended order indicates that the hearing officer took the students' credibility and past behavior into account when making his decision. The hearing officer noted that "the decision to favor the impression which the students had about some of these events recognizes that the classroom conduct by some of the students who testified at the hearing was less than commendable in its own right. The conduct by those students did not control or excuse [the appellant's] improprieties in engaging in sexual innuendoes."
Our review of the record reveals that there is competent substantial evidence to support the findings of fact. Section 120.68(10), Fla. Stat. (1991). Accordingly, the final order suspending the appellant's teaching certificate is affirmed.
The appellant also argues on appeal that the school board's final order dismissing him from his employment as a continuing contract teacher must be reversed because the evidence presented to the hearing officer does not support a finding that he engaged in conduct which was so serious as to impair his effectiveness in the classroom as an educator.
Misconduct in office is defined in Florida Administrative Code Rule 6B-4.009(d):
Misconduct in office is defined as a violation of the Code of Ethics of the Education Profession as adopted in Rule 6B-1.001, F.A.C. and the Principles of Professional Conduct for the Education Profession in Florida as adopted in Rule 6B-1.006, F.A.C., which is so serious as to impair the individual's effectiveness in the school system.
The hearing officer noted that various students testified that they and other students were uncomfortable, embarrassed, mad, or upset about the sexual innuendoes and comments. In paragraph 30 of the findings of fact, the hearing officer also accepted the opinion of the Nassau County School Superintendent, Craig Marsh, that the appellant's "participation in the sexual innuendoes discussed in the fact finding" was so serious that his effectiveness in the school system was impaired.
In the conclusions of law, the hearing officer noted that the quality of the rule violations must be so serious as to impair the teacher's effectiveness in the school system and then stated:
By that standard through his sexual innuendoes described in the fact finding, Respondent has acted contrary to Rule 6B-1.001, Florida Administrative Code, and Rule 6B-1.006, Florida Administrative Code, in a manner, as Superintendent Marsh describes that was so serious as to impair Respondent's effectiveness in the school system.
The superintendent's testimony regarding the appellant's loss of effectiveness was based on hypothetical questions. The superintendent was asked whether the appellant lost effectiveness if he either committed all acts alleged in the statement of charges or committed all acts testified to at the hearing. The superintendent answered each question in the affirmative. As previously indicated, however, the hearing officer found that the appellant did not commit all acts alleged and did not commit all acts testified to at the hearing. Accordingly, the finding of fact in paragraph 30 is not supported by the record.
Although it is not clear to what extent the hearing officer relied upon the superintendent's opinion or if the hearing officer would have reached the same conclusion without consideration of the superintendent's opinion, any deficiency in the findings of fact relating to misconduct in office as charged by the school board is harmless due to the suspension of the appellant's teaching certificate. See §§ 231.02(1), 231.09, 231.15(1) & 231-28(1), Fla. Stat. (1991).
Accordingly, the orders on appeal suspending the appellant's teaching certificate and dismissing him from employment are AFFIRMED.
BARFIELD, WOLF and MICKLE, JJ., concur.
NOTES
[1] The appellant was charged with the following violations: section 231.28(1)(c), Florida Statutes (guilty of gross immorality or an act involving moral turpitude); section 231.28(1)(h), Florida Statutes (violating the provisions of law or rules of the State Board of Education); Rule 6B-1.006(3)(a), Florida Administrative Code (failing to make a reasonable effort to protect students from conditions harmful to learning or health or safety); (4) Rule 6B-1.006(3)(e), Florida Administrative Code (intentionally exposing students to unnecessary embarrassment or disparagement); Rule 6B-1.006(5)(a), Florida Administrative Code (failing to maintain honesty in his professional dealings); (6) Rule 6B-1.006(5)(g) (submitting fraudulent information on a document in connection with his professional activities).
[2] The school board alleged that the appellant was guilty of misconduct in office, as defined by the rules of the State of Florida, Department of Education, and specifically Rule 6B-1.006, Florida Administrative Code. The school board did not allege that the appellant made a false report to school administrators and police officers concerning alleged harassment with racial overtones.