SENTERFITT, ELIZABETH, Associate Judge.
William R. Crews appeals the denial of several motions to dismiss prior to the entry of his no contest plea to fourteen felonies. We affirm in part and reverse in part.
Crews formerly worked as a teacher at Deane Bozeman School in Bay County, Florida. According to the amended information, while a teacher, Crews engaged in sexual activity with several students. He *700 was charged with sexual activity with a child (two counts), lewd and lascivious molestation (three counts), lewd and lascivious exhibition (four counts), and showing obscene material to a minor (five counts). He moved to dismiss eight of the fourteen charges filed against him. After these motions were denied, Crews entered a no contest plea reserving the right to appeal the denial of'these motions. Pursuant to an agreement, he was adjudicated guilty as to all counts and sentenced to twenty years.
On appeal, Crews argues the trial court erred in denying the motion to dismiss count six of the amended information. Count six of the amended information charged:
William R. Crews, between June 2004 and June 2006, in the County of Bay and State of Florida, did unlawfully engage in sexual activity with J.E., a child 12 years of age or older but less than 18 years of age, while William R. Crews was in a position of familial or custodial authority over J.E., in that William R. Crews did perform oral sex on J.E. by placing J.E.’s penis in his mouth, contrary to Florida Statute 794.011(8)(b). (1 DEG FEL).
(Bold added). Crews moved to dismiss this first degree felony on the ground that he did not have custodial or familial authority over the victim at the time the oral sex was committed. In support of dismissal, appellant cited Hallberg v. State, 649 So.2d 1355 (Fla.1994).
In his deposition, the victim of count six, J.E., described his encounters with Crews. While in the 7th grade, J.E. was asked to go to a car show with Crews. After the show, Crews invited J.E. to a storage unit where he stored a car and also kept a television and DVD player. According to J.E., Crews would play pornography on the DVD player; he had sex “toys” in the unit as well. This pattern was repeated and served as a prelude to Crews’ sexual offenses. Eventually, Crews began driving J.E. to and from school, despite the fact that the child’s grandparents, who were also his guardians, distrusted Crews. They did not give appellant any authority over J.E. The interaction between Crews and J.E. continued into the child’s eighth grade year, when Crews was one of his teachers. Then, on one occasion in the summer between J.E.’s eighth and ninth grades, or early in the ninth grade year, Crews took J.E. to Crews’ residence and an incident of oral sex occurred, as described in count six. The State admitted, in its traverse to the motion to dismiss count six, the following from Crews’ motion to dismiss:
(5) At all times material, J.E. lived with his grandparents. His grandparents did not know that he was going to the storage shed; J.E. kept his grandparents from knowing that he went to the storage shed; J.E.’s grandparents never gave Defendant the authority to take him to the storage shed; J.E.’s grandmother did not like Defendant; J.E.’s grandmother never gave Defendant authority to do anything with J.E.; and J.E.’s grandparents did not want him to have anything to do with Defendant.
(7) J.E. testified that the factual allegations of Count VI concerning oral sex occurred in Defendant’s house. (See deposition of J.E., page 29). This was the last incident between J.E. and Defendant.
(8) The factual allegations of Count VI concerning oral sex did not occur on school property; did not occur during a school activity; and did not occur during a school extracurricular activity.
There is no argument by the State that Crews was in familial authority with J.E. As to the question of whether Crews was *701 in custodial authority at the time of the sexual encounter alleged in count six, the defense below argued that no such custodial authority could be said to exist because the encounter occurred away from school grounds and was unconnected with a school activity. As the incident occurred in the summer or early in the ninth grade, Crews was not one of J.E.’s teachers at the time.
In Hallberg v. State, 649 So.2d 1355 (Fla.1994), the Florida Supreme Court held that “a teacher, without any teaching responsibility or extracurricular activity supervisory authority over a child during a summer recess, is not in a position of custodial authority” for the purposes of the statute which forbids sexual activity with a child by a person in familial or custodial authority. Thus, “teachers are not, by reason of their chosen profession, custodians of their students at all times, particularly when school is recessed for the summer.” Id. at 1857. The activity between the victim and the defendant in Hallberg:
did not occur during the school year or on school premises. They did not occur in connection with the activities of a recognized extracurricular event such as band or drama club. Mr. Hallberg went to the home of S.S. in the middle of summer vacation. Although the parents of S.S. were generally aware that this man wanted S.S. to help him with a history project during the summer, these visits were not scheduled with her parents’ knowledge or consent. He simply showed up at the front door with a textbook and talked his way inside the house when only S.S. was at home.
649 So.2d at 1357 (quoting from J. Alten-bernd’s concurring and dissenting opinion, Hallberg v. State, 621 So.2d 693, 705-06 (Fla. 2d DCA 1993)). Further, “[i]t is clear S.S.’s parents did not place Hallberg in custodial control and authority over their daughter.” Id. at 1357-58.
The trial court, in denying Crews’ motion to dismiss count six, held that Hall-berg is distinguishable because “the acts between the defendant [and J.E.] occurred during the school year (but off campus) when the defendant had teaching authority over [J.E. and others] as students in his class.” (Bold added). The highlighted passage is contrary to the facts as admitted by the State in its traverse to the motion to dismiss. As noted above, the sexual activity between Crews and J.E. as alleged in count six occurred away from school, at a time when Crews was not the victim’s classroom teacher, and was unconnected to a school activity. Given the admitted facts regarding the conduct at issue in count six, reversal is required under Hallberg.
Crews also challenges the denial of his motions to dismiss counts two through five and seven through ten. His basis for seeking dismissal of these counts was the claim the statute of limitations, as stated in section 775.15(2), Florida Statutes, had expired and that the State improperly utilized section 775.15(12)(b), to extend the period of permissible prosecution. This statute provides:
(12) If the period prescribed in subsection (2) ... has expired, a prosecution may nevertheless be commenced for:
[[Image here]]
(b) Any offense based upon misconduct in office by a public officer or employee at any time when the defendant is in public office or employment, within 2 years from the time he or she leaves public office or employment, or during any time permitted by any other part of this section, whichever time is greater.
The term “misconduct in office” is not defined in the statute or in any case law interpreting this provision. Crews has ar *702 gued that the criminal offenses for which he has been convicted do not constitute “misconduct in public office” as intended by this statute. On the authority of LaMorte v. State, 984 So.2d 548 (Fla. 2d DCA 2008), the trial court disagreed and denied the motions to dismiss. We agree with the trial court and affirm the denial of the motions to dismiss counts two through five and seven through ten.
In LaMorte, the defendant was a teacher and swim coach at a public high school who engaged in sexual activity with two students. He was convicted of sexual battery by a person in custodial authority, attempted sexual battery by a person in custodial authority, and lewd, lascivious or indecent act upon or in the presence of a child. Like appellant in the instant case, the defendant in LaMorte argued that the charges against him were barred by the applicable statute of limitations; the State argued that the time for prosecution was extended by virtue of the “misconduct in public office,” section 775.15(3)(b). The trial court agreed as did a majority of the reviewing court. Like the majority in La-Morte, we hold that section 775.15(3)(b) may apply to the type of offenses committed by Crews while he was indisputably a public school teacher.
Accordingly, we affirm all of the convictions except for count six; the conviction for count six is reversed, and the cause is remanded for entry of an order of acquittal as to this count and the vacation of the corresponding sentence.
BENTON, J., concurs; PADOVANO, J., concurs in part and dissents in part with written opinion.