PADOVANO, J.,
concurring in part and dissenting in part.
I agree that Hallberg v. State, 649 So.2d 1355 (Fla.1994), requires reversal of the denial of the motion to dismiss count six. As to the affirmance of the denial of the motions to dismiss counts two through five and seven through ten, I respectfully dissent and would certify a conflict with LaMorte v. State, 984 So.2d 548 (Fla. 2d DCA 2008).
As Judge Altenbernd reasoned in his dissent in LaMorte, section 775.15(12)(b), Florida Statutes does not define the phrase “misconduct in office.” We do not know whether the legislature meant to use the phrase in a broad sense to refer to any government employee, or in a narrow sense to include only those employees who hold an “office” as defined in the state constitution or the state laws. The narrow construction makes more sense to me as I do not think there is any valid reason to treat public employees differently from private employees.
At the very least, the statute is ambiguous, and I would resolve the ambiguity in favor of the defendant pursuant to the rule of lenity. See Kasischke v. State, 991 So.2d 803, 814 (Fla.2008) (“[a]ny ambiguity or situations in which statutory language is susceptible to differing constructions must be resolved in favor of the person charged with an offense.”) (quoting State v. Byars, 823 So.2d 740, 742 (Fla.2002)).
Accordingly, I would reverse the denial of the motions to dismiss counts two through five and seven through ten, certify a conflict, and remand for further proceedings.