- PARIENTE, J.,
dissenting.
Under the guise of a “plain language” analysis, the majority has concluded that the statutory phrase “misconduct in office” in section 775.15(12)(b), Florida Statutes (2015), actually means misconduct in “employment.” The majority’s interpretation extends the statute of limitation's for all public employees, for any crime connected with their employment and committed during their employment, until two years after the employee leaves public employment— even though the employee holds no “office” defined by Florida law.
I respectfully dissent from the majority’s statutory interpretation, which it presents as a “plain language” approach to avoid application of the rule of lenity to resolve this statutory ambiguity in favor of the reasonable interpretation benefitting the criminal defendant. See Kasischke v. State, 991 So.2d 803, 814 (Fla.2008). I would, instead, answer the certified question in the negative and adopt the well-reasoned opinion of Judge Altenbernd in LaMorte v. State, 984 So.2d 548, 553 (Fla. 2d DCA 2008) (Altenbernd, J., dissenting), which was echoed by Judge Padovano in his separate opinion below. See Crews v. State, 130 So.3d 698, 702 (Fla. 1st DCA 2013) (Padovano, J., concurring in part and dissenting in part).
As Judge Altenbernd explained in La-Morte, the construction of the statute embraced by the majority results in “holding that all state employees whose employment is governed by an employment agreement that allows the employer to terminate or reprimand them for ‘misconduct in office’ as a matter of civil employment law are subject to a special statute of limitations for criminal offenses committed in connection with that employment.” 984 So.2d at 553-54 (Altenbernd, J., dissent *340 ing). Just as Judge Altenbernd stated, “I cannot agree that an undefined reference to ‘misconduct in office’ puts public employees on notice of the extended statute of limitations applicable to them.” Id. at 554.
Just to be clear, the issue is not whether the statute of limitations should be extended for crimes of sexual abuse committed against a minor victim. In fact, an extended statute of limitations already exists for certain criminal sexual offenses committed against minors, extending into the victim’s age of majority in some circumstances or even, in others, indefinitely. See § 775.15(13)(a)-(c), (14)(a)-(b), Fla. Stat. (2015).[12] Rather, the issue is whether the statute of limitations should be extended for all criminal offenses connected with an individual’s public employment, solely by virtue of the individual’s status as a public employee.
Even if the majority’s interpretation of the statute is a reasonable one, it certainly is not “plain.” And even if the majority’s interpretation is reasonable, it certainly is not the only reasonable interpretation of the statute.
Under the majority’s analysis, the Legislature’s 1974 amendment of the statute to include a public “employee,” as well as a public “official,” connotes an expansion from a limited group of individuals who were previously subject to the extended statute of limitations to every public employee. But there is not a word of explanation in the legislative history about this unprecedented expansion, which the majority claims was clearly intended.
If the Legislature’s intent was really as clear as the majority asserts, there would be no need for the majority to rely on pre-amendment history, as the majority does. In fact, as this Court has previously noted, pre-amendment history is a tool of statutory construction — not simply an application of a “plain language” analysis. See N. Carillon, LLC v. CRC 603, LLC, 135 So.3d 274, 277-78 (Fla.2014) (turning to statutory history “to resolve an ambiguity in the statutory text,” after determining that the plain meaning rule was not dispositive); see also State v. Hackley, 95 So.3d 92, 93 (Fla.2012) (“[I]f the meaning of the statute is clear and unambiguous, we look no further.”).
At the same time, while it is actually engaging in statutory construction to determine legislative intent, the majority pronounces that “misconduct in office” is synonymous with misconduct in “employment” and states that the text of the statute plainly says so. See majority op. at 335-36 (emphasis added). This interpretation ignores the “well-established tenet of statutory construction that courts ‘are not at liberty to add words to the statute that were not placed there by the Legislature.’ ” Lawnwood Med. Ctr., Inc. v. Seeger, 990 So.2d 503, 512 (Fla.2008) (quoting State v. J.M., 824 So.2d 105, 111 (Fla.2002)).
Importantly, “office” and “employment” do not mean the same thing. A reasonable interpretation of the phrase “misconduct in *341 office by a public officer or employee” is that the reach of the statutory text is limited to those employees who hold an official position or public office defined by Florida law. After all, it is certainly reasonable to conclude that an individual cannot commit misconduct “in office” if the individual does not possess any “office.” The majority’s contrary interpretation that “office” in this context means “any position of trust or responsibility” — and, apparently, that all public employees are encompassed under this definition — is not “plain” from the statutory text. See majority op. at 335-36.
School teachers do not hold any “office” as defined in the Florida Constitution or the Florida Statutes. See § 1.01(6), Fla. Stat. (2015) (“Reference to any office or officer [in the Florida Statutes] includes any person authorized by law to perform the duties of such office.”). As Judge Pa-dovano observed, “We do not know whether the legislature meant to use the phrase [misconduct in office] in a broad sense to refer to any government employee, or in a narrow sense to include only those employees who hold an ‘office’ as defined in the state constitution or the state laws.” Crews, 130 So.3d at 702 (Padovano, J., concurring in part and dissenting in part). At a minimum, the narrower interpretation is a reasonable one, thus implicating our duty to apply rules of statutory construction and in particular the rule of lenity, which in Florida is more than “just an interpretive tool” but is in fact “a statutory directive.” Kasischke, 991 So.2d at 814 (citing section 775.021(1), Florida Statutes).
The disparity explained by Judges Al-tenbernd and Padovano is not simply a policy disagreement, as the majority erroneously contends, but an expression directly related to the judiciary’s role to determine legislative intent — that is, that the Legislature would not have drastically extended the statute of limitations to all public employees simply by using the phrase “misconduct in office”:
I am troubled by the disparity created by the majority’s holding between the treatment of state employees and the treatment of private employees. For example, a private school teacher who steals a $500 piece of equipment is subject to a three-year statute of limitations, see § 775.15(2)(b), Fla. Stat. (2007), while a public school teacher, or perhaps even a janitor, who commits the same act is subject to a statute of limitations that may not expire for thirty years. See § 775.15(12)(b). The teacher involved in this case has a limitations period in excess of twenty years for offenses that would have been barred after three years if he worked for a church or private school. I am not arguing that this statute of limitations violates equal protection; I simply believe this incongruity demonstrates the ambiguity that should require this court to narrowly construe this special statute of limitations.
LaMorte, 984 So.2d at 554 (Altenbernd, J., dissenting).
In short, I would conclude that the Legislature’s use of the phrase “misconduct in office” is not clear and unambiguous but is instead subject to two reasonable interpretations. As required by generally accepted principles of statutory construction and by the rule of lenity set forth in section 775.021(1), I would interpret the statute in the light most favorable to the defendant. Accordingly, I dissent from the majority’s statutory construction analysis and would answer the certified question in the negative.
PERRY, J., concurs.

. Crews was charged with, among other offenses, second- and third-degree felonies of lewd or lascivious molestation, lewd or lascivious exhibition, and showing obscene material to a minor. As the majority opinion notes, second- and third-degree felonies are ordinarily subject to a three-year statute of limitations under section 775.15(2)(b), Florida Statutes. None of these charged offenses occurred later than June 2006, and the State did not commence prosecution until an information was first filed in March 2012. It is not readily apparent from the record why the extended statute of limitations applicable to certain criminal sexual offenses committed against minors did not permit the State to file these charges, although it is possible that even that extended limitations period had expired for these particular offenses by the time the State commenced prosecution.